Richard A. Smith
Alyssa L. Englebrecht
SMITH & LOWNEY, PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SNOHOMISH COUNTY, )<br>)<br>Defendant. )<br>)<br>_____ )<br>)<br>) | COMPLAINT |

## I.    INTRODUCTION

1.    This action is a citizen suit brought under Section 505 of the Clean Water Act

("CWA") as amended, 33 U.S.C. § 1365.  Plaintiff, Puget Soundkeeper Alliance

("Soundkeeper"), seeks a declaratory judgment, injunctive relief, the imposition of civil

penalties, and the award of costs, including attorneys' and expert witness fees, for Defendant

Snohomish County's repeated and ongoing violations of Sections 301(a) and 402 of the CWA,

33 U.S.C. §§ 1311(a) and 1342, and the terms and conditions of the National Pollutant Discharge

COMPLAINT - 1

Elimination System ("NPDES") permit authorizing discharges of pollutants from Defendant's municipal separate storm sewer system ("MS4") to navigable waters.

## II.    JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction under Section 505(a) of the CWA, 33 U.S.C. § 1365(a).  The relief requested herein is authorized by 33 U.S.C. §§ 1319(d) and 1365(a).

3.      In accordance with Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Soundkeeper notified Defendant of Defendant's violations of the CWA and of Soundkeeper's intent to sue under the CWA by letter dated and postmarked June 30, 2016 ("Notice Letter").  A copy of the Notice Letter is attached to this complaint as Exhibit 1.  The allegations in the Notice Letter are incorporated herein by this reference.  In accordance with 33 U.S.C. § 1365(b)(1)(A) and 40 C.F.R. § 135.2(a)(1), Soundkeeper provided copies of the Notice Letter to the County Executive, the Administrator of the United States Environmental Protection Agency ("USEPA"), the Administrator of USEPA Region 10, and the Director of the Washington Department of Ecology ("WDOE") by mailing copies to these individuals on June 30, 2016.

4.      At the time of the filing of this Complaint, more than sixty (60) days have passed since the Notice Letter and copies thereof were issued in the manner described in the preceding paragraph.

5.      The violations complained of in the Notice Letter are continuing or are reasonably likely to re-occur.  Defendant is in violation of its NPDES permit and the CWA.

6.      At the time of the filing of this Complaint, neither the USEPA nor the WDOE has commenced any action constituting diligent prosecution to redress these violations.

COMPLAINT - 2

7.      The sources of the violations complained of are located in Snohomish County, within the Western District of Washington, and venue is therefore appropriate in the Western District of Washington under Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1).

### III.      PARTIES

8.      Plaintiff, Soundkeeper, is suing on behalf of itself and its member(s). Soundkeeper is a non-profit corporation registered in the State of Washington.  Soundkeeper is a membership organization and has at least one member who is injured by Defendant's violations. Soundkeeper is dedicated to protecting and preserving Puget Sound by tracking down and stopping toxic pollution entering its waters.

9.      Plaintiff has representational standing to bring this action.  Soundkeeper's members are reasonably concerned about the Defendant's deficient Stormwater Management Program ("SWMP") and associated SWMP Plans, the lack of application of the required components of a SWMP, and the resulting effect that these shortcomings have on stormwater discharges in Snohomish County and receiving waters used by Soundkeeper's members. The Defendant's non-compliance with the Permit results in excess pollutants in municipal stormwater discharged to various navigable (and tributary) waters in and adjacent to Snohomish County, as well as other deleterious effects caused by inadequate control of discharges from Defendant's MS4.  As a result, Soundkeeper's members use the waters within Snohomish County less than they otherwise would, and their enjoyment of the affected waters for recreational, aesthetic, educational, spiritual, commercial, and other uses is diminished.  The recreational, economic, aesthetic and/or health interests of Soundkeeper and its member(s) have been, are being, and will be adversely affected by Defendant's violations of the CWA.  The relief sought in this lawsuit can redress the injuries to these interests.

COMPLAINT - 3

10.     Plaintiff has organizational standing to bring this action.  Soundkeeper has been actively engaged in a variety of educational and advocacy efforts to improve water quality and to address sources of water quality degradation in the waters of Puget Sound and its tributaries, including within Snohomish County.  Defendant has failed to fulfill monitoring, recordkeeping, reporting and planning requirements, among others, necessary for compliance with its NPDES permit and the CWA.  As a result, Plaintiff is deprived of information necessary to properly serve its members by providing information and taking appropriate action to advocate for improved stormwater management practices, and Plaintiff's efforts to educate and advocate for greater environmental protection for the benefit of its members are obstructed.  Thus, Plaintiff's organizational interests have been adversely affected by Defendant's violations, particularly its violations of monitoring and reporting and public participation requirements.  These injuries are fairly traceable to Defendant's violations and are redressable by the Court.

11.     Defendant is a County of the State of Washington.

12.     Defendant operates an MS4, including numerous point sources, which discharge stormwater and pollutants contained therein into waters of the United States.

## IV.     LEGAL BACKGROUND

13.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person, unless in compliance with the provisions of the CWA.  Section 301(a) prohibits, *inter alia*, such discharges not authorized by, or in violation of, the terms of a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342. Section 502 of the CWA, 33 U.S.C. § 1362(5) defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body."

COMPLAINT - 4

14.     The State of Washington has established a federally approved state NPDES program administered by the WDOE.  Wash. Rev. Code § 90.48.260; Wash. Admin. Code ch. 173-220.  This program was approved by the Administrator of the USEPA pursuant to 33 U.S.C. § 1342(b).

15.     Section 402(p) of the CWA, 33 U.S.C. § 1342(p), establishes a NPDES permitting framework for MS4 discharges. NPDES permits issued for municipal storm sewer systems must both (1) "effectively prohibit non-stormwater discharges into the storm sewers," 33 U.S.C. § 1342(p)(3)(B)(ii), and (2) "require controls to reduce the discharge of pollutants to the maximum extent practicable, including management practices, control techniques and system, design and engineering methods, and such other provisions as . . . appropriate for the control of such pollutants." *Id*. at § 1342(p)(3)(B)(iii).

16.     The WDOE has repeatedly issued the Phase I Municipal Stormwater Permit ("Permit") under Section 402(a) of the CWA, 33 U.S.C. § 1342(a), most recently on August 1, 2012, effective August 1, 2013, modified January 16, 2015, and expiring July 31, 2018.

17.     The Permit imposes certain terms and conditions on permittees, including Snohomish County, including "reduc[ing] the discharge of pollutants to the maximum extent practicable ("MEP") and "us[ing] all known, available, and reasonable methods of prevention, control and treatment ("AKART") to prevent and control pollution of waters of the State of Washington." Permit at Conditions S4(C), (D).  The specific terms and conditions of the Permit are described in detail in the Notice Letter.  *See* Exhibit 1.

18.     Violations of the Permit constitute violations of the CWA and are grounds for enforcement actions under the CWA, including citizen enforcement actions seeking injunctive relief, civil penalties, and recovery of litigation expenses. 33 U.S.C. § 1365.

COMPLAINT - 5

## V.      FACTS

19.      Defendant filed with the WDOE a Notice of Intent to be covered under the Permit on June 26, 2011.  WDOE granted Defendant coverage under the Permit by its August 1, 2013 effective date, designated Permit Number WAR044502.

20.      The MS4 operated by the Defendant comprises stormwater management facilities, including catch basins, pipes, ponds, swales, detention basins, and outfalls throughout urbanized but unincorporated areas of Snohomish County, and discharges stormwater and pollutants it carries from numerous outfalls and other conveyances to navigable waters, including the Puget Sound, Stillaguamish River, Skagit River, streams tributary to Lake Washington, and tributaries thereto, as well as other navigable waters.

21.      The MS4 operated by the Defendant services a large area in which more than 250,000 people live or work.

22.      Defendant has violated the Permit and Section 402 of the CWA, 33 U.S.C. § 1342, by discharging pollutants in violation of the Permit and otherwise failing to comply with Permit terms. Defendant's violations of the Permit are set forth in sections I through VI of the Notice Letter, attached hereto as Exhibit 1, and are incorporated herein by this reference.

**Deficiencies in Snohomish County's SWMP Plan**

23.      Defendant has not developed a SWMP Plan in accordance with the requirements of the Permit. Condition S5.A.1 requires the Defendant to annually prepare written documentation of its SWMP, referred to as the SWMP Plan. The SWMP Plan must contain a description of planned activities for each of the components included in Condition S5.C, planned actions to meet TMDL requirements per Condition S7, and any planned actions to meet the requirements of Special Condition S8. The Defendant's SWMP Plans for 2014, 2015, and 2016

COMPLAINT - 6

do not meet the Permit requirements, as described in further detail below, because the Defendant's SWMP Plans do not contain descriptions of planned activities or programs that will be implemented as part of the Defendant's SWMP, as required.

24.     Condition S5.C.1 requires the County to demonstrate that it has legal authority to control discharges to and from MS4s it operates and to perform the minimum functions listed in Condition S5.C.1.b. Defendant's SWMP Plans do not contain a demonstration of the County's legal authority to control discharges to and from its MS4 and to perform the minimum functions listed in Permit Condition S5.C.1.b.

25.     Condition S5.C.2 requires the County to implement an ongoing program for mapping and documenting listed features of the MS4. Defendant's SWMP Plans do not contain a description of an ongoing program for mapping and documenting listed features of the MS4.

26.     Condition S5.C.4 requires the County to provide ongoing opportunities for public involvement and participation in the County's SWMP and SWMP implementation process. The Defendant's SWMP Plans do not contain a description of a program for creating opportunities for public involvement and participation in the decision making process for the development, implementation, and updating of the Defendant's SWMP.

27.     Condition S5.C.5.a.iii requires the County to adopt a local program for controlling runoff from new development, redevelopment, and construction. Defendant's SWMP Plans do not contain a description of planned activities to adopt a program for controlling runoff from new development, redevelopment, and construction.

28.     Condition S5.C.5.a.iv requires that a program to control runoff from new development, redevelopment, and construction include the legal authority to inspect private stormwater facilities and enforce maintenance standards for all new development and

COMPLAINT - 7

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

redevelopment approved under the provisions of the Permit. Defendant's SWMP Plans do not contain a description of the legal authority to inspect private stormwater facilities and enforce maintenance standards for all new development and redevelopment.

29.     Condition S5.C.5.a.v requires a process of permits, site plan review, inspections and enforcement to control runoff from new development, redevelopment, and construction sites. Defendant's SWMP Plans do not contain a description of a process of permits, site plan review, inspections, and enforcement to control runoff from new development, redevelopment, and construction sites.

30.     Condition S5.C.5.a.vi requires the County to make notice of intent documents available to representatives of proposed new development and redevelopment. Defendant's SWMP Plans do not contain a description of a program to make notice of intent documents available to representatives of proposed development and redevelopment

31.     Condition S5.C.5.a.vii requires training for staff whose primary job duties are implementing the program to control stormwater runoff from new development, redevelopment, and construction sites.  Defendant's SWMP Plans do not contain a description of a staff training program that complies with Permit Condition S5.C.5.a.vii.

32.     Condition S5.C.5.b requires review, revision, and implementation of development-related codes, rules, standards, or other enforceable documents to incorporate and require low impact development (LID) principles and LID Best Management Practices (BMPs). Defendant's SWMP Plans do not contain a description of planned activities to implement revised development codes, rules, standards, and other enforceable documents to incorporate and require low impact development ("LID") principles and LID Best Management Practices ("BMPs").

COMPLAINT - 8

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

33.     Condition S5.C.5.c.iv requires the County to develop a watershed planning process, to submit the scope of work and schedule for the process to Ecology by March 31, 2015, and to implement the planning process upon approval from WDOE. Defendant's SWMP Plans do not contain a description of a program to comply with the watershed-scale stormwater planning requirements.

34.     Condition S5.C.7 requires the County to develop an inventory of businesses that have the potential to generate polluted discharges to the County's storm sewer and conduct inspections as part of the source control program.  Additionally, the County must inspect 100% of sites identified through legitimate complaints, implement an enforcement policy to bring sites into compliance, and train staff in implementing the source control program. Defendant's SWMP Plans do not contain a description of a source control program, maintenance of a source control inventory, an inspection program, a progressive enforcement policy, and measures to ensure that staff are trained to implement the source control program.

35.     Condition S5.C.8 requires the County to implement an ongoing program designed to prevent, detect, characterize, trace, and eliminate illicit connections and illicit discharges into the MS4. Defendant's SWMP Plans do not contain a description of an illicit discharge detection and elimination ("IDDE") program that includes procedures for reporting and correcting or removing illicit connections, spills, and other illicit discharges and procedures for addressing pollutants entering the MS4 from an interconnected, adjoining MS4.

36.     Condition S5.C.9.b requires the County to annually inspect all stormwater treatment and flow control BMPs/facilities it regulates to enforce compliance with adopted maintenance standards as needed based on inspection, to manage maintenance activities to inspect all permanent stormwater treatment and flow control BMPs/facilities and catch basins in

COMPLAINT - 9

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

new residential developments every six months until 90% of the lots are constructed and enforce compliance with maintenance standards, and to require cleaning of catch basins if they are found to be out of compliance with established maintenance standards. Defendant's SWMP Plans do not include maintenance standards, do not describe an inspection program that complies with Condition S5.C.9.b, and do not describe a program for operation or maintenance of stormwater treatment and flow control BMPs/facilities regulated by the County.

37.     Condition S5.C.9.c details the requirements for maintenance of stormwater treatment and flow control BMPs/facilities owned or operated by the County.  Defendant's SWMP Plans do not contain a description of an inspection or maintenance program to inspect all stormwater treatment and flow control BMPs/facilities regulated by the Defendant.

38.     Condition S5.C.9.d details the requirements for maintenance of catch basins owned or operated by the County.  The Defendant's SWMP Plans do not describe a program for inspection or maintenance of catch basins owned or operated by the Defendant.

39.     Condition S5.C.9.e requires the County to implement practices, policies, and procedures to reduce stormwater impacts associated with runoff from all lands it owns or maintains and road maintenance activities under its functional control. Defendant's SWMP Plans do not contain a description of practices, policies, or procedures for reducing stormwater runoff impacts associated with runoff from lands owned or maintained by the Defendant or from road maintenance activities under Defendant's functional control.

40.     Condition S5.C.9.f requires the County to maintain an employee training program for employees of the Defendant who have primary construction, operations, or maintenance job functions that may have an impact on stormwater quality. Defendant's SWMP Plans do not contain a description of planned activities for an employee training program for employees of the

COMPLAINT - 10

Defendant who have primary construction, operations, or maintenance job functions that may have an impact on stormwater quality.

41.     Condition S5.C.9.g requires the County to implement stormwater pollution prevention plans ("SWPPP") for the facilities described in Permit Condition S5.C.9.g. Defendant's SWMP Plans do not contain a description of planned activities to comply with the requirement that the Defendant implement SWPPPs for the facilities described in Permit Condition S5.C.9.g.

42.     Condition S5.C.9.h requires the County to maintain records of inspections and maintenance or repair activities. Defendant's SWMP Plans do not contain a description of planned activities to maintain records of inspections and maintenance or repair activities conducted by the Defendant.

43.     Condition S5.A.1.b requires the SWMP Plan to describe the planned actions to meet the requirements of applicable total maximum daily loads ("TMDLs") for Little Bear Creek, North Creek, Swamp Creek, Snohomish River Tributaries, and the Stillaguamish River. The Defendant's SWMP Plan for 2014 does not describe planned actions to meet the requirements of applicable TMDLs.  The SWMP Plan for 2015 describes only surface water monitoring and not planned actions to meet the other requirements of applicable TMDLs.  The SWMP Plan for 2016 does not describe a program to comply with TMDL requirements.

**Failure to Comply with Special Condition S5.B**

44.     Condition S5.B requires that the County's SWMP be designed to reduce the discharge of pollutants from MS4s to the maximum extent possible (MEP); meet state requirements to use all known, available, and reasonable methods of prevention, control, and treatment (AKART); and protect water quality.  Snohomish County has not designed or

COMPLAINT - 11

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

implemented a SWMP to reduce the discharge of pollutants from MS4s to the MEP, meet state AKART requirements, and protect water quality.

**Failure to Implement a SWMP Comprising Necessary Components**

45.     Condition S5.A requires the County to implement a SWMP comprising the components listed in Condition S5 of the Permit.  Condition S5.C requires the County's SWMP to include listed components.  Snohomish County is not implementing all the necessary components of the SWMP, as described in further detail below. Failure to implement a SWMP comprising the required components is a violation of Conditions S5.A and S5.C.

46.     Defendant is in violation of Conditions S5.A and S5.C.2, which require the County to maintain mapping data showing the location of its stormwater infrastructure. Defendant does not maintain a map that contains all known MS4 outfalls and discharge points.

47.     Defendant is in violation of Conditions S5.A and S5.C.4, which requires creation of opportunities for public involvement in the decision-making process for the development, implementation, and updating of the Defendant's SWMP. Defendant does not create opportunities for public involvement in the development of its SWMP Plan.

48.     Defendant is in violation of Conditions S5.A and S5.C.5.b which, among other requirements, require the Defendant to review, revise, and make effective local development related codes, rules, standards, or other enforceable documents to incorporate and require LID principles and LID BMPs by January 22, 2016. Defendant has not conducted an adequate review of its development-related codes, rules, standards, or other documents. Defendant has not summarized its review or revised its enforceable documents as required. Defendant's SMWP does not control runoff from new development, redevelopment, and construction sites by making LID the preferred and commonly-used approach to site development. Defendant does not

COMPLAINT - 12

minimize impervious surfaces, native vegetation loss, and stormwater runoff in all types of development situations.

49.     Defendant is in violation of Conditions S5.A and S5.C.5.c, which require the Defendant to convene and lead a watershed-scale stormwater planning process. Defendant did not produce the required schedule. The scope of work produced does not contain the minimum requirements of Permit Condition S5.C.5.c.iv.

50.     Defendant is in violation of Conditions S5.A and S5.C.7, which require the Defendant to implement a program to reduce pollutants in runoff from areas that discharge to MS4s owned or operated by the Defendant. Defendant is not implementing a program that complies with these requirements.

51.     Defendant is in violation of Conditions S5.A and S5.C.8, which require the Defendant to implement a screening program to detect illicit discharges to the MS4 and an ongoing program to eliminate such discharges. Defendant has not implemented a program to detect or eliminate illicit discharges. Defendant does not maintain records of illicit discharge detection and elimination activities.

52.     Defendant is in violation of Conditions S5.A and S5.C.9, which require the Defendant to implement a program to conduct and regulate maintenance activities to prevent or reduce stormwater impacts. The Defendant has not implemented an inspection program that complies with Permit Conditions S5.C.9b-c. The Defendant has not implemented a program designed to inspect all catch basins that it owns or operates. The Defendant has not implemented practices, policies, and procedures to comply with Permit Condition S5.C.9.e. The Defendant has not implemented an ongoing training program as required by Permit Condition S5.C.9.f.

COMPLAINT - 13

**Failure to Comply with TMDL Requirements**

53.     Condition S5.A requires the County to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs pursuant to Condition S7.  Condition S7 requires the County to comply with TMDL requirements to achieve water quality standards for impaired waters, to keep records of all required actions that are relevant to applicable TMDLs, and include in its annual reports the status of TMDL implementation, including a summary of relevant SWMP and Appendix 2 activities conducted in each TMDL area to address the applicable TMDL parameter(s).  Snohomish County has failed to include and implement TMDL requirements as part of its SWMP, keep records of relevant required actions, and include in annual reports the status of TMDL implementation in violation of Conditions S5.A and S7, as described in further detail below.

54.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs for North Creek. The Defendant is not conducting the required business inspections. The Defendant is not keeping records of relevant required actions to meet the applicable TMDLs. The Defendant is not including the status of TMDL implementation in its annual reports.

55.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to identify at least one high priority area in North Creek that will be the focus of source identification and elimination efforts during the Permit cycle. The Defendant failed to select a high priority area in North Creek by the February 2, 2014 deadline to do so. The Defendant failed to prepare written documentation of the required data review. The Defendant did not begin source identification and elimination activities in North Creek by the August 1,

COMPLAINT - 14

2014 deadline to do so. The Defendant has not conducted stormwater quality sampling for bacteria sources in North Creek.

56.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to conduct surface water monitoring in North Creek. The Defendant has not conducted surface water monitoring in North Creek. The Defendant is not keeping records of relevant required actions for surface water monitoring.

57.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs for Swamp Creek. The Defendant is not conducting the required business inspections. The Defendant is not keeping records of relevant required actions to meet the applicable TMDLs. The Defendant is not including the status of TMDL implementation in its annual reports.

58.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to identify at least one high priority area in Swamp Creek that will be the focus of source identification and elimination efforts during the Permit cycle. The Defendant failed to select a high priority area in Swamp Creek by the February 2, 2014 deadline to do so. The Defendant failed to prepare written documentation of the required data review. The Defendant did not begin source identification and elimination activities in Swamp Creek by the August 1, 2014 deadline to do so. The Defendant has not conducted stormwater quality sampling for bacteria sources in Swamp Creek. The Defendant has not implemented the required response to illicit discharges in Swamp Creek.

59.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to conduct surface water monitoring in Swamp Creek. The Defendant has not

COMPLAINT - 15

1
2
conducted surface water monitoring in Swamp Creek. The Defendant is not keeping records of relevant required actions for surface water monitoring.

3
4
5
6
7
8
9
60.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs for Little Bear Creek. The Defendant is not conducting the required business inspections. The Defendant is not keeping records of relevant required actions to meet the applicable TMDLs. The Defendant is not including the status of TMDL implementation in its annual reports.

10
11
12
13
14
61.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement source identification and elimination activities in Little Bear Creek. The Defendant has not implemented a source identification and elimination program that meets the requirements of the Little Bear Creek TMDL.

15
16
17
18
19
20
21
22
62.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs for the Snohomish River Tributaries. The Defendant is not conducting the required business inspections. The Defendant is not keeping records of relevant required actions to meet the applicable TMDLs. The Defendant is not including the status of TMDL implementation in its annual reports.

23
24
25
26
27
28
63.     Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to conduct source identification and elimination activities in the Snohomish River Tributaries. The Defendant failed to select a high priority area in Swamp Creek by the February 2, 2014 deadline to do so. The Defendant has not eliminated any sources of bacterial pollution in the Snohomish River Tributaries during the Permit term. The Defendant has not implemented a

29
COMPLAINT - 16

source identification and elimination program. The Defendant has not included any qualitative or quantitative information about any source identification or elimination efforts in its 2014 or 2015 annual reports.

64. Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to conduct surface water monitoring in the Snohomish River Tributaries. The Defendant has not conducted surface water monitoring in the Snohomish River Tributaries. The Defendant is not keeping records of relevant required actions for surface water monitoring.

65. Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs for the Stillaguamish River. The Defendant is not conducting the required business inspections. The Defendant is not keeping records of relevant required actions to meet the applicable TMDLs. The Defendant is not including the status of TMDL implementation in its annual reports.

66. Defendant is in violation of Conditions S5.A and S5.7, which require the Defendant to conduct surface water monitoring in the Stillaguamish River. The Defendant has not conducted surface water monitoring in the Stillaguamish River. The Defendant is not keeping records of relevant required actions for surface water monitoring.

67. Defendant is in violation of Conditions S5.A and S7 for the following additional TMDLs that are not listed in Appendix 2 of the Permit: Stillaguamish River TMDLs for arsenic, mercury, pH, and temperature; Ballinger Lake total phosphorus TMDL; Bear-Evans Watershed TMDLs for temperature and dissolved oxygen; French Creek/Pilchuck River TMDLs for dissolved oxygen and temperature; Loma Lake total phosphorus TMDL; Snohomish River dioxin TMDL; Snohomish Estuary TMDLs for ammonia and BOD; and Snoqualmie River

COMPLAINT - 17

1
2
3
4
5
6

TMDLs for ammonia-N, BOD (5-day), and temperature. Condition S5.A requires Defendant to prepare and implement a SWMP that includes the actions necessary to meet the requirements of applicable TMDLs. The Defendant has failed to produce a SWMP Plan that includes the actions necessary to meet the requirement of applicable TMDLs in violation of Permit Condition S5.A.1.b.

7
8
9
10
11

68.     Defendant is in violation of Conditions S5.A and S7 for the additional TMDLs listed in paragraph 67 of this Complaint, incorporated herein by this reference, for failing to implement the SWMP requirements described in paragraphs 46-52 of this Complaint, incorporated herein by this reference.

12
13
14
15
16

69.     Defendant is in violation of Condition S5.A and S7 for the additional TMDLs listed in paragraph 67 of this Complaint, incorporated herein by this reference, for failing to keep records of relevant required actions and failing to include the status of TMDL implementation in its annual reports for 2014 and 2015.

17

**Failure to Comply with Reporting Requirements**

18
19
20
21
22
23
24
25
26
27
28

70.     Condition S9.D.2 requires that the annual reports submitted by the County describe the status of implementation of the requirements of the Permit during the reporting period.  Condition S9.D.3 requires the County to attach to each annual report documentation of activities including summaries, descriptions, reports, and other information as required, or as applicable, to meet the requirements of the Permit.  Condition S9.D.5 requires certification and signature pursuant to Condition G19.D.  Condition G19.D requires an executive officer to certify that he has supervised preparation of the report and that the information submitted is, to the best of his knowledge and belief, true, accurate, and complete.  Snohomish County's 2014 and 2015 annual reports contain inaccurate information and incomplete documentation, as described in

29

COMPLAINT - 18

1

2   further detail below, in violation of Conditions S9.D.2 and S9.D.3.  The Snohomish County

3   executive certified the inaccurate and incomplete information, as described in further detail

4   below, in violation of Conditions S9.D.5 and G19.D.

5       71.     Defendant is in violation of Special Condition S9 and General Condition 19 of the

6   Permit for incorrectly reporting in its 2014 and 2015 annual reports that the Defendant maintains

7   mapping data for the features listed in Permit Condition S5.C.2.a. The County Executive

8   certified the incorrect report both years.

9       72.     Defendant is in violation of Special Condition S9 and General Condition 19 of the

10  Permit, for incompletely reporting a summary of its LID review and revision process in its 2015

11  annual report. The annual report does not include a list of participants or the revisions made to

12  incorporate and require LID Principles and LID BMPs in the County's enforceable documents.

13  The County Executive certified that the summary is complete.

14      73.     Defendant is in violation of Special Condition S9 and General Condition 19 of the

15  Permit for incorrectly answering "Yes" to question 35 on its 2014 and 2015 annual reports,

16  which asks whether the Defendant implements a program to identify commercial and industrial

17  properties which have the potential to generate pollutants to the Defendant's MS4. Defendant

18  does not maintain a source control inventory. The County Executive certified the incorrect report

19  both years.

20      74.     Defendant is in violation of Special Condition S9 and General Condition 19 of the

21  Permit for incompletely reporting a summary of actions taken to implement a source control

22  program. The summaries provided by the Defendant in its 2014 and 2015 annual reports are

23  incomplete as they do not include a summary of actions taken to implement a source control

24  program. The County Executive certified that both reports are complete.

COMPLAINT - 19

75.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for incorrectly reporting that it received 26 hotline calls in both its 2014 and 2015 annual reports. The County Executive certified the incorrect report both years.

76.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for incompletely reporting a summary of actions taken to characterize, trace, and eliminate illicit discharges. The Defendant's summaries submitted with its 2014 and 2015 annual reports do not summarize the actions taken to characterize, trace, and eliminate each illicit discharge found or reported to the Defendant. The summaries also do not include a description of actions according to the required timelines for each illicit discharge. The County Executive certified the incomplete reports both years.

77.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for inaccurately and incompletely answering "Not Applicable" on its 2014 annual report to the question of whether the Defendant evaluated and, if necessary, updated existing ordinances or other enforceable documents requiring maintenance of all permanent stormwater treatment and flow control BMPs/facilities regulated the Defendant in accordance with established maintenance standards. This requirement is applicable to the Defendant. The County Executive certified the inaccurate and incomplete report.

78.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for failing to include a summary of relevant SWMP and Appendix 2 activities addressing applicable TMDL requirements in its 2014 and 2015 annual reports. The County Executive certified the incomplete reports both years.

79.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for failing to describe in its 2014 and 2015 annual reports any stormwater monitoring or

COMPLAINT - 20

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1
2
3
4
5
6
7

studies conducted to comply with TMDL requirements and watershed-scale planning requirements. The annual report for 2014 refers to sampling in the Lund's Gulch watershed, and the annual report for 2015 refers to a study at a wet pond, calibration of a model, and studies conducted for a Pollution Identification and Correction Grant. Neither annual report describes the studies conducted. The County Executive certified that the reports are complete and accurate both years.

8
9
10
11
12

80.     Defendant is in violation of Special Condition S9 and General Condition 19 of the Permit for failing to submit information with its 2014 and 2015 annual reports on inspections and enforcement actions taken to comply with TMDL requirements and Condition S5.C.7. The County Executive certified the inaccurate and incomplete reports both years.

13
14
15
16
17
18
19

81.     Defendant is in violation of General Condition G20 for its failure to notify WDOE of each of the violations alleged in paragraphs 23-80 of this Complaint, incorporated herein by this reference, aside from the following three notifications made to WDOE: failing to conduct a staff training program in 2014 in violation of Condition S5.C.9.f; failing to conduct a sufficient number of business inspections in 2015 in violation of Condition S5.C.7; and failing to implement a catch basin inspection program in 2015 in violation of Condition S5.C.8.

20
21
22
23

82.     Defendant is in violation of Condition G20.B for failing to take appropriate action to stop or correct its failure to conduct an adequate number of business inspections in 2015 as required by Condition S5.C.7.

24
25
26
27

83.     Defendant is in violation of Condition G20.B for failing to take appropriate action to stop or correct its failure to conduct a catch basin inspection program as required by Condition S5.C.8.

28
29

COMPLAINT - 21

84.     Defendant is in violation of Condition G20.B for failing to take appropriate action to stop or correct its failure to conduct a staff training program in 2014 as required by Condition S5.C.9.f.

85.     Significant penalties per violation per day should be imposed against Defendant under the penalty factors set forth in 33 U.S.C. § 1319(d).

86.     Defendant's violations of the CWA degrade the environment and the water quality of the receiving water bodies.

87.     Defendant's violations were avoidable had Defendant been diligent in overseeing the development and implementation of the SWMP, as well as by complying with the reporting requirements of the Permit.

## VI.     CAUSE OF ACTION

88.     The preceding paragraphs and the allegations in sections I through VI of the Notice Letter, attached hereto as Exhibit 1, are incorporated herein.

89.     Defendant's violations of the Permit described herein and in the Notice Letter constitute violations of sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342, and violations of "effluent standard(s) or limitation(s)" as defined by section 505, 33 U.S.C. § 1365.

90.     Upon information and belief, the violations committed by Defendant are ongoing or are reasonably likely to continue to occur.  Any and all additional violations of the Permit and the CWA which occur after those described in Soundkeeper's Notice Letter but before a final decision in this action should be considered continuing violations subject to this Complaint.

91.     Without the imposition of appropriate civil penalties and the issuance of an injunction, Defendant is likely to continue to violate the Permits and the CWA to the further injury of Soundkeeper, its members, and others.

COMPLAINT - 22

92.     A copy of this Complaint will be served upon the Attorney General of the United States and the Administrator of the USEPA as required by 33 U.S.C. § 1365(c)(3).

## VII.   RELIEF REQUESTED

Wherefore, Soundkeeper respectfully requests that this Court grant the following relief:

A.     Issue a declaratory judgment that Defendant has violated and continues to be in violation of the Permit and Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342;

B.     Enjoin Defendant from operating in a manner that results in further violations of the Permits or the CWA;

C.     Order Defendant to immediately prepare a SWMP Plan that is in compliance with the Permit;

D.     Order Defendant to immediately implement a SWMP that is in compliance with the Permit;

E.     Order Defendant to allow Soundkeeper to participate in the development and implementation of Defendant's SWMP Plan and SWMP;

F.     Order Defendant to provide Soundkeeper, for a period beginning on the date of the Court's Order and running for five years after Defendant achieves compliance with all of the conditions of the Permit, with copies of all reports and other documents which Defendant submits to the USEPA or to the WDOE regarding Defendant's coverage under the Permit at the time those documents are submitted to these agencies;

G.     Order Defendant to take specific actions to remediate the environmental harm caused by its violations;

H.     Grant such other preliminary and/or permanent injunctive relief as Soundkeeper may from time to time request during the pendency of this case;

COMPLAINT - 23

I.      Order Defendant to pay civil penalties of $37,500.00 per day of violation for each violation committed by Defendant through November 2, 2015 and to pay $51,570 per day of violation for each violation committed by Defendant after November 2, 2015, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d) and 1365(a), and 40 C.F.R. § 19 and 19.4.

J.      Award Soundkeeper its litigation expenses, including reasonable attorneys' and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

K.      Award such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 8th day of September, 2016.

SMITH & LOWNEY, PLLC

By: s/Richard A. Smith
        Richard A. Smith, WSBA # 21788
        Alyssa L. Englebrecht, WSBA # 46773
        2317 E. John Street, Seattle, WA 98112
        Tel: (206) 860-2883; Fax: (206) 860-4187
        Email: rasmithwa@igc.org, alyssae@igc.org

*Attorneys for Plaintiff Puget Soundkeeper Alliance*

COMPLAINT - 24

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883, FAX (206) 860-4187

June 30, 2016

**Via Certified Mail - Return Receipt Requested**

Dave Somers, County Executive
Snohomish County
3000 Rockefeller Avenue, M/S 407
Everett, WA 98201

Re:     **NOTICE OF INTENT TO FILE SUIT UNDER THE CLEAN WATER ACT**

Dear Executive Somers:

We represent Puget Soundkeeper Alliance (Soundkeeper), 130 Nickerson St., #107, Seattle, WA 98109, (206) 297-7002. Any response or correspondence related to this matter should be directed to us at the letterhead address. This letter is to provide you with sixty days notice of Soundkeeper's intent to file a citizen suit against Snohomish County under section 505 of the Clean Water Act (CWA), 33 USC § 1365, for the violations described below. The CWA prohibits discharge of any pollutant from a point source into waters of the U.S. except in compliance with a permit. 33 USC § 1311 and § 1342. The Washington Department of Ecology (Ecology) administers National Pollutant Discharge Elimination System (NPDES) permits in Washington pursuant to the CWA. Ecology issues municipal stormwater permits that authorize discharge of stormwater to surface waters and to ground waters of the state from municipal separate storm sewer systems (MS4s) owned or operated by permittees. As the owner and operator of a large MS4 that discharges stormwater to surface waters and to ground waters of the State, Snohomish County is required to comply with the conditions of the Phase I Municipal Stormwater Permit under which its MS4 discharges are authorized per NPDES permit no. WAR044502, effective August 1, 2013 (Permit). Failure to comply with the conditions of an NPDES permit constitutes violation of the CWA actionable under 33 USC § 1365(a)(1). *See* 33 USC § 1365(f)(6). Soundkeeper alleges that Snohomish County has failed to comply with the Permit and has violated the CWA, as described below.

### I.     *Snohomish County has not produced a Stormwater Management Program Plan that complies with the requirements of Special Conditions S5.A of the Permit.*

Condition S5.A requires Snohomish County to implement a Stormwater Management Program (SWMP) that is a set of actions and activities comprising the components listed in Condition S5, additional actions necessary to meet the requirements of total maximum daily loads (TMDLs) pursuant to Condition S7, and additional actions necessary to meet Condition S8 monitoring and assessment requirements. Under Condition S5.A.1, the County must annually prepare written documentation of its SWMP, called the "SWMP Plan," to inform the

public of the planned SWMP activities for the upcoming calendar year. The SWMP Plan must include a description of planned activities for each of the program components included in Condition S5.C, planned actions to meet TMDL requirements per Condition S7, and any planned actions to meet the requirements of Special Condition S8. Snohomish County's SWMP Plans for 2014, 2015 and 2016 do not describe planned activities or programs that will be implemented to comply with permit requirements and fail to inform the public of the planned SWMP activities, as described below.

### a. Snohomish County's SWMP Plan does not describe planned activities for each of the program components included in Special Condition S5.C, in violation of Special Condition S5.A of the Permit.

Condition S5.A.1.a requires the County to include descriptions of planned activities for each of the program components included in Condition S5.C in its SWMP Plan. Snohomish County's SWMP Plans for 2014, 2015, and 2016 violate Condition S5.A because they do not include descriptions of planned activities for each of the program components included in Condition S5.C, as described below.

Condition S5.C.1 requires the County to demonstrate that it has legal authority to control discharges to and from MS4s it operates and to perform the minimum functions listed in section S5.C.1.b. The SWMP Plans for 2014, 2015, or 2016 do not demonstrate that the County has legal authority to control discharges to and from the MS4s it operates or to perform the minimum functions required.

Condition S5.C.2 requires the County to implement an ongoing program for mapping and documenting listed features of the MS4. The SWMP Plans for 2014, 2015, and 2016 do not describe an ongoing program for mapping and documenting listed features of the MS4. Condition S5.C.4 requires the County to provide ongoing opportunities for public involvement and participation in the permittee's SWMP and implementation priorities. Minimum performance measures include creating opportunities for the public to participate in the decision-making process involving the development, implementation and update of the SWMP. The SWMP Plans for 2014, 2015, and 2016 do not describe a program for creating opportunities for public involvement.

Condition S5.C.5.a.iii requires the County to adopt a local program for controlling runoff from new development, redevelopment, and construction. The process to adopt the program is lengthy and included a draft manual that had to be submitted to Ecology by July 1, 2014 for approval. In May 2015, Ecology extended the deadline for final adoption of the program to January 22, 2016. The 2014, 2015, and 2016 SWMP Plans do not describe any planned activities to adopt a program for controlling runoff from new development, redevelopment, and construction.

Condition S5.C.5.a.iv requires that the program to control runoff from new development, redevelopment, and construction include the legal authority to inspect private stormwater facilities and enforce maintenance standards for all new development and

redevelopment approved under the provisions of the Permit.  The program was to be implemented by January 22, 2016, but the 2016 SWMP Plan does not describe the legal authority to comply with Condition S5.C.5.a.iv.

Condition S5.C.5.a.v requires a process of permits, site plan review, inspections, and enforcement to control runoff from new development, redevelopment, and construction sites. The program was to be implemented by January 22, 2016 but the 2016 SWMP Plan does not describe a process of permits, site plan review, inspections, and enforcement to control runoff from new development, redevelopment, and construction sites.

Condition S5.C.5.a.vi requires the County to make notice of intent documents available to representatives of proposed new development and redevelopment.  The SWMP Plans for 2014, 2015, and 2016 do not describe a program to make documents available to representatives of proposed development.

Condition S5.C.5.a.vii requires training for staff whose primary job duties are implementing the program to control stormwater runoff from new development, redevelopment, and construction sites.  The SWMP Plans for 2014, 2015, and 2016 do not describe a staff training program that complies with Condition S5.C.5.a.vii.

Condition S5.C.5.b requires review, revision, and implementation of development-related codes, rules, standards, or other enforceable documents to incorporate and require low impact development (LID) principles and LID Best Management Practices (BMPs).  The review and revision process occurred in 2014 and 2015, yet the 2014 and 2015 SWMP Plans do not describe planned activities to comply with S5.C.5.b.  The revised codes and documents are required to be effective by January 22, 2016, yet the 2016 SWMP Plan does not describe planned activities to implement the revised codes and documents.

Condition S5.C.5.c.iv requires the County to develop a watershed planning process, to submit the scope of work and schedule for the process to Ecology by March 31, 2015, and to implement the planning process upon approval from Ecology.  The SWMP Plans for 2014, 2015, and 2016 do not describe a program to comply with the watershed-scale stormwater planning requirements.

Condition S5.C.7 requires the County to develop an inventory of businesses that have the potential to generate polluted discharges to the County's storm sewer and to annually conduct a number of inspections equal to 20% of the number of businesses in the inventory as part of the source control program.  Additionally, the County must inspect 100% of sites identified through legitimate complaints, implement an enforcement policy to bring sites into compliance, and train staff in implementing the source control program.  The 2014, 2015 and 2016 SWMP Plans do not describe a source control program, maintenance of a source control inventory, an inspection program, a progressive enforcement policy, or measures to ensure that staff are trained to implement the source control program.

Condition S5.C.8 requires the County to implement an ongoing program designed to prevent, detect, characterize, trace, and eliminate illicit connections and illicit discharges into the MS4. Among other minimum performance measures, Condition S5.C.8.a requires that the program include procedures for reporting and correcting or removing illicit connections, spills and other illicit discharges and procedures for addressing pollutants entering the MS4 from an interconnected, adjoining MS4. The 2014, 2015, and 2016 SWMP Plans do not describe a program for illicit discharge detection and elimination that complies with Condition S5.C.8.

Condition S5.C.9.b requires the County to annually inspect all stormwater treatment and flow control BMPs/facilities it regulates to enforce compliance with adopted maintenance standards as needed based on inspection, to manage maintenance activities to inspect all permanent stormwater treatment and flow control BMPs/facilities and catch basins in new residential developments every six months until 90% of the lots are constructed and enforce compliance with maintenance standards, and to require cleaning of catch basins if they are found to be out of compliance with established maintenance standards. The 2014, 2015, and 2016 SWMP Plans include no maintenance standards, do not describe an inspection program that complies with Condition S5.C.9.b, and do not describe a program for operation or maintenance of stormwater treatment and flow control BMPs/facilities regulated by the County.

Condition S5.C.9.c details the requirements for maintenance of stormwater treatment and flow control BMPs/facilities owned or operated by the County. The 2014, 2015, and 2016 SWMP Plans do not describe a program for inspection or maintenance of stormwater treatment and flow control BMPs/facilities owned or operated by the County.

Condition S5.C.9.d details the requirements for maintenance of catch basins owned or operated by the County. The 2014, 2015, and 2016 SWMP Plans do not describe a program for inspection or maintenance of catch basins owned or operated by the County. Condition S5.C.9.e requires the County to implement practices, policies, and procedures to reduce stormwater impacts associated with runoff from all lands it owns or maintains and road maintenance activities under its functional control. The 2014, 2015, and 2016 SWMP Plans do not describe any practices, policies, or procedures for reducing stormwater runoff impacts associated with runoff from lands owned or maintained by the County. Neither do they contain any description of road maintenance activities to reduce runoff.

Condition S5.C.9.f requires the County to maintain an employee training program. The 2014, 2015, and 2016 SWMP Plans contain no descriptions of planned activities to comply with Condition S5.C.9.f.

Condition S5.C.9.g requires the County to implement stormwater pollution prevention plans for listed facilities. The 2014, 2015, and 2016 SWMP Plans contain no descriptions of planned activities to comply with Condition S5.C.9.g.

Condition S5.C.9.h requires the County to maintain records of inspections and maintenance or repair activities. The 2014, 2015, and 2016 SWMP Plans contain no descriptions of planned activities to comply with Condition S5.C.9.h.

To summarize, in violation of Condition S5.A, Snohomish County has failed to include descriptions of planned actions for each of the program components included in Condition S5.C in its SWMP Plans for 2014, 2015, and 2016.

**b. Snohomish County's SWMP Plan does not describe additional planned actions to meet the requirements of applicable TMDLs, in violation of Special Condition S5.A of the Permit.**

Condition S5.A.1.b requires the SWMP Plan to describe the "planned actions to meet the requirements of applicable TMDLs." Additional actions are necessary to meet the requirements of TMDLs for Little Bear Creek, North Creek, Swamp Creek, Snohomish River Tributaries, and the Stillaguamish River. The five applicable TMDLs, listed in Appendix 2 of the Permit, include requirements for business inspections, public education and outreach, operation and maintenance of animal waste collection and/or education stations, screening for bacteria sources as part of the illicit discharge detection and elimination program, targeted source identification and elimination, and surface water monitoring. The SWMP Plan for 2014 does not describe planned actions to meet the requirements of applicable TMDLs. The SWMP Plan for 2015 describes only surface water monitoring and not planned actions to meet the other requirements of applicable TMDLs. The SWMP Plan for 2016 does not describe a program to comply with TMDL requirements. In violation of Condition S5.A, Snohomish County has failed to describe planned actions to meet the requirements of applicable TMDLs in its SWMP Plans for 2014, 2015, and 2016.

**II.     *Snohomish County has not designed or implemented a Stormwater Management Program that complies with the requirements of Special Condition S5.B of the Permit.***

Condition S5.B requires that the County's SWMP be designed to reduce the discharge of pollutants from MS4s to the maximum extent possible (MEP); meet state requirements to use all known, available, and reasonable methods of prevention, control, and treatment (AKART); and protect water quality. Snohomish County has not designed or implemented a SWMP to reduce the discharge of pollutants from MS4s to the MEP, meet state AKART requirements, and protect water quality, as required by Condition S5.B.

**III.     *In violation of Special Condition S5.A and Special Condition S5.C of the Permit, Snohomish County has not included all mandatory components in its Stormwater Management Program and has not implemented a Stormwater Management Program comprising the necessary components.***

Condition S5.A requires the County to implement a SWMP comprising the components listed in section S5 of the Permit. Condition S5.C requires the County's SWMP

to include listed components. Snohomish County's SWMP does not include all of the mandatory components, in violation of Condition S5.C. Snohomish County also is not implementing a SWMP comprising the required components, which violates Condition S5.A. The missing components of Snohomish County's SWMP are described below.

**a. Snohomish County's SWMP does not include an ongoing program for mapping and documenting the MS4 and the County has not implemented such a program as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.2 requires the County to maintain mapping data showing the location of its stormwater infrastructure as part of its SWMP. At a minimum, the mapping data must include known MS4 outfalls and discharge points; receiving waters, other than ground water; stormwater treatment and flow control BMPs/facilities owned or operated by the County; geographic areas served by the County's MS4 that do not discharge stormwater to surface water; tributary conveyances to all known outfalls and discharge points with a 24-inch nominal diameter or larger, or an equivalent cross-sectional area for non-pipe systems; connections between the MS4 owned or operated by the County and other municipalities or other public entities; all connections to the MS4 authorized or allowed by the County after February 16, 2007; and existing known connections over 8 inches in nominal diameter to mapped tributary conveyances. Snohomish County does not maintain mapping data for each and every of the features required by Condition S5.C.2 as part of its SWMP, which violates Conditions S5.A and S5.C.

**b. Snohomish County's SWMP does not include creation of opportunities for public involvement and the County has not implemented such a program as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.4 requires the County to create opportunities for public involvement in the decision-making process involving implementation and updates of the SWMP. Each year, the County must update the SWMP and identify actions necessary for implementation in the annual SWMP Plan. Snohomish County does not create opportunities for public involvement in decision-making as part of its SWMP, which violates Conditions S5.A and S5.C.

**c. Snohomish County's SWMP does not include a program to comply with Special Condition S5.C.5.b and the County does not implement the procedural or substantive low impact development requirements of Special Condition S5.C.5.b as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.5.b requires Snohomish County to review, revise, and make effective local development-related codes, rules, standards, or other enforceable documents to incorporate and require LID principles and LID BMPs by January 22, 2016. Condition S5.C.5.b includes procedural and substantive components. Procedurally, the review and

revision process was to be similar to the process presented in *Integrating LID into Local Codes: A Guidebook for Local Goverments* (Puget Sound Partnership, 2012) and was required to consider the range of issues outlined in the *Guidebook*. Condition S5.C.5.b.ii requires the County to document the review process. The County was required to make revisions to enforceable documents with the substantive outcome of making LID the "preferred and commonly-used approach to site development" and "minimizing impervious surfaces, native vegetation loss, and stormwater runoff in all types of development situations." Snohomish County has not included or implemented the requirements of Condition S5.C.5.b in its SWMP in violation of Conditions S5.A and S5.C: the County has not conducted an adequate review of its development-related codes, rules, standards or other documents as part of its SWMP; the County has not summarized its review or revised its enforceable documents as required to comply with Conditions S5.C and S5.A; the County's SWMP does not control runoff from new development, redevelopment, and construction sites by making LID the preferred and commonly-used approach to site development; and the County does not minimize impervious surfaces, native vegetation loss, and stormwater runoff in all types of development situations.

    **d. Snohomish County's SWMP does not include a watershed-scale stormwater planning process that complies with the requirements of Condition S5.C.5.c and the County has not implemented such a process as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.5.c requires the County to convene and lead a watershed-scale stormwater planning process. The County is required to submit a scope of work and schedule for the planning process by April 1, 2014 that contains the minimum requirements listed in Condition S5.C.5.c.iv. Snohomish County produced a scope of work, but no schedule, and the scope of work does not contain the minimum requirements of Condition S5.C.5.c.iv. Snohomish County has not included or implemented an adequate watershed-scale stormwater planning process as part of its SWMP, which violates Conditions S5.A and S5.C.

    **e. Snohomish County's SWMP does not include a source control program for existing development and has not implemented such a program as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.7 requires Snohomish County to implement a program to reduce pollutants in runoff from areas that discharge to MS4s owned or operated by the County. To comply with Condition S5.C.7.b.ii, the County must implement a program to identify commercial and industrial properties which have the potential to generate pollutants to the MS4s and maintain a source control inventory that lists these properties. Snohomish County must annually inspect 20% of the businesses and properties listed in the source control inventory and all of the sites identified through legitimate complaints. Snohomish County must also implement a progressive enforcement policy to require sites to come into compliance with stormwater requirements within a reasonable time period. Snohomish County does not include or implement maintenance of a source control inventory or inspection program that complies with Condition S5.C.7, or a progressive enforcement policy

to bring sites into compliance with stormwater requirements as part of its SWMP, which violates Conditions S5.A and S5.C.

**f.   Snohomish County's SWMP does not include an illicit discharge detection and elimination program and the County has not implemented such a program as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.8 requires the County to implement a screening program to detect illicit discharges to the MS4 and an ongoing program designed to eliminate illicit discharges. The program must include investigation, enforcement, emergency response procedures, and the other elements listed in Condition S5.C.8. Condition S5.C.8.g requires the County to maintain records of the activities conducted to detect and eliminate illicit discharges. Snohomish County has not included or implemented programs to detect and eliminate illicit discharges as part of its SWMP and does not maintain records of illicit discharge detection and elimination activities in violation of Conditions S5.A and S5.C.

**g.   Snohomish County's SWMP does not include an adequate operation and maintenance program and the County has not implemented an adequate program as part of its SWMP in violation of Special Conditions S5.A and S5.C of the Permit.**

Condition S5.C.9 requires the County to implement a program to conduct and regulate maintenance activities to prevent or reduce stormwater impacts. To comply with Condition S5.C.9.a the County is required to update its maintenance standards to include the listed elements by June 30, 2015. Conditions S5.C.9.b-c require the County to conduct inspections and to implement necessary maintenance actions for facilities it owns or operates and to enforce compliance with maintenance standards for facilities that it regulates. Condition S5.C.9.b.iii requires the County to inspect all permanent stormwater treatment and flow control BMPs/facilities and catch basins in new residential developments every six months, until 90% of the lots are constructed. Compliance with Condition S5.C.9.b is determined by the existence of a program designed to inspect all sites and actual inspection of 80% of sites. Compliance with Condition S5.C.9.c is determined by the presence of an established inspection program designed to inspect all sites and achieving at least 95% of required inspections. The County also has obligations to inspect and maintain catch basins pursuant to Condition S5.C.9.d, to reduce stormwater impacts associated with runoff from lands owned or maintained by the County pursuant to Condition S5.C.9.e, and to train employees to prevent or minimize impacts to water quality and to report water quality concerns pursuant to Condition S5.C.9.f. In violation of Conditions S5.A and S5.C, Snohomish County has not included or implemented the following operation and maintenance activities as part of its SWMP: the County has not implemented an inspection program that complies with Condition S5.C.9.b-c; the County has not implemented a program designed to inspect all catch basins that it owns or operates as required by Condition S5.C.9.d; the County has not implemented practices, policies, and procedures to comply with Condition S5.C.9.e; and the County has not implemented an ongoing training program as required by Condition S5.C.9.f.

IV. *Snohomish County has not included actions necessary to comply with applicable total maximum daily load requirements in its SWMP and has not implemented such requirements as part of its SWMP in violation of Special Conditions S5.A and S7 of the Permit.*

Condition S5.A requires the County to implement a SWMP that includes actions necessary to meet the requirements of applicable TMDLs pursuant to Condition S7. Condition S7 requires the County to comply with TMDL requirements to achieve water quality standards for impaired waters, to keep records of all required actions that are relevant to applicable TMDLs, and include in its annual reports the status of TMDL implementation, including a summary of relevant SWMP and Appendix 2 activities conducted in each TMDL area to address the applicable TMDL parameter(s). For applicable TMDLs listed in Appendix 2 of the Permit, the County must comply with the specific requirements identified in Appendix 2, Failure to comply with the specific requirements identified in Appendix 2 violates Condition S7.A. Five waters in Snohomish County are listed in Appendix 2: North Creek (Fecal Coliform TMDL), Swamp Creek (Fecal Coliform TMDL), Little Bear Creek (Fecal Coliform TMDL), Snohomish River Tributaries (Fecal Coliform TMDL), and the Stillaguamish River (TMDLs for Fecal Coliform and dissolved oxygen). Other applicable TMDLs (not identified in Appendix 2) include Stillaguamish River TMDLs for arsenic, mercury, pH, and temperature; Ballinger Lake TMDL for total phosphorus; Bear-Evans Watershed TMDLs for temperature and dissolved oxygen; French Creek/Pilchuck River TMDLs for temperature and dissolved oxygen; Loma Lake TMDL for total phosphorus; Snohomish River TMDL for dioxin; Snohomish estuary TMDLs for ammonia and BOD; and Snoqualmie River TMDLs for ammonia-N, BOD, and temperature. To comply with the applicable TMDLs that are not listed in Appendix 2, the County must comply with the Permit. Failure to comply with TMDLs not listed in Appendix 2 violates Condition S7.B. Snohomish County has failed to include and implement the following TMDL requirements as part of its SWMP, keep records of relevant required actions, and include in annual reports the status of TMDL implementation in violation of Conditions S5.A and S7:

**a. North Creek Fecal Coliform TMDL**

**1. Snohomish County does not include or implement a business inspection program for North Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the North Creek Fecal Coliform TMDL requires Snohomish County to inspect all commercial animal handling areas and commercial composting facilities by August 1, 2016. Facilities with bacteria source control problems must be re-inspected every three years. Condition S7.A requires the County to comply with the North Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not included actions necessary to meet the requirements of Condition S7 in its SWMP, is not conducting business inspections as required by the North Creek Fecal

Coliform TMDL, is not going to meet the August 1, 2016 deadline, and is not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to include and implement TMDL requirements as part of its SWMP, the County is violating Conditions S5.A and S7.A.

### 2. Snohomish County does not include or implement targeted source identification and elimination for North Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the North Creek Fecal Coliform TMDL requires Snohomish County to identify at least one high priority area that will be the focus of source identification and elimination efforts during the permit cycle. The TMDL requires the County to review data collected previously, select the high priority area by February 2, 2014, and submit written documentation of the review with the 2014 Annual Report. Implementation of source identification and elimination efforts must begin no later than August 1, 2014. The focused source identification and elimination effort must include stormwater quality sampling for bacteria sources and must address illicit discharges by implementing the schedule and activities identified in Condition S5.C.8. Condition S7.A requires the County to comply with the North Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. The County failed to select a high priority area in North Creek by February 2, 2014, failed to prepare written documentation of the required data review, did not begin source identification and elimination activities in North Creek by August 1, 2014, has not conducted stormwater quality sampling for bacteria sources in North Creek, and is not implementing the required response to illicit discharges in North Creek. By failing to implement a SWMP that complies with TMDL requirements, the County is violating Conditions S7.A and S5.A. The County is also violating Conditions S5.A and S7.A by failing to include or implement recordkeeping and reporting actions as part of its SWMP.

### 3. Snohomish County does not include or implement surface water monitoring in North Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the North Creek Fecal Coliform TMDL requires Snohomish County to collect twelve water samples per year in at least one location in North Creek starting by August 1, 2015 pursuant to a Quality Assurance Project Plan (QAPP). The data collected must be summarized and evaluated in each annual report. Condition S7.A requires the County to comply with the North Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not conducted surface water monitoring in North Creek. The County is also not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to

include or implement TMDL requirements as part of its SWMP, the County is violating Conditions S5.A and S7.A.

**b. Swamp Creek Fecal Coliform TMDL**

**1. Snohomish County does not include or implement a business inspection program for Swamp Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Swamp Creek Fecal Coliform TMDL requires Snohomish County to inspect all commercial animal handling areas and commercial composting facilities by August 1, 2016. Facilities with bacteria source control problems must be re-inspected every three years. Condition S7.A requires the County to comply with the Swamp Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not included actions necessary to meet the requirements of Condition S7 in its SWMP, is not conducting business inspections as required by the Swamp Creek Fecal Coliform TMDL, is not going to meet the August 1, 2016 deadline, and is not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to include and implement TMDL requirements as part of its SWMP, the County is violating Conditions S7.A and S5.A.

**2. Snohomish County does not include or implement targeted source identification and elimination for Swamp Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Swamp Creek Fecal Coliform TMDL requires Snohomish County to identify at least one high priority area that will be the focus of source identification and elimination efforts during the permit cycle. The TMDL requires the County to review data collected previously, select the high priority area by February 2, 2014, and submit written documentation of the review with the 2014 Annual Report. Implementation of source identification and elimination efforts must begin no later than August 1, 2014. The focused source identification and elimination effort must include stormwater quality sampling for bacteria sources and must address illicit discharges by implementing the schedule and activities identified in Condition S5.C.8. Condition S7.A requires the County to comply with the Swamp Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. In violation of Condition S5.A, Snohomish County's SWMP does not include actions necessary to meet TMDL requirements. The County failed to select a high priority area in Swamp Creek by February 2, 2014, failed to prepare written documentation of the required data review, did not begin source identification and elimination activities in Swamp Creek by August 1, 2014, has not conducted stormwater quality sampling for bacteria sources in Swamp Creek, and is not implementing the required response to illicit discharges in Swamp

Creek. By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A. The County is also violating Conditions S5.A and S7.A by failing to keep records of relevant required actions and failing to include in annual reports the status of TMDL implementation.

### 3. Snohomish County does not include or implement surface water monitoring in Swamp Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the Swamp Creek Fecal Coliform TMDL requires Snohomish County to collect twelve water samples per year in at least one location in Swamp Creek starting by August 1, 2015 pursuant to a QAPP. The data collected must be summarized and evaluated in each annual report. Condition S7.A requires the County to comply with the Swamp Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not conducted surface water monitoring in Swamp Creek. The County is also not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to comply with TMDL requirements, the County is violating Conditions S5.A and S7.A.

### c. Little Bear Creek Fecal Coliform TMDL

### 1. Snohomish County does not include or implement a business inspection program for Little Bear Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the Little Bear Creek Fecal Coliform TMDL requires Snohomish County to inspect all commercial animal handling areas and commercial composting facilities by August 1, 2016. Facilities with bacteria source control problems must be re-inspected every three years. Condition S7.A requires the County to comply with the Little Bear Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not included actions necessary to meet the requirements of Condition S7 in its SWMP, is not conducting business inspections as required by the Little Bear Creek Fecal Coliform TMDL, is not going to meet the August 1, 2016 deadline, and is not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A.

### 2. Snohomish County does not include or implement source identification and elimination for Little Bear Creek as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the Little Bear Creek Fecal Coliform TMDL requires Snohomish County to conduct bacteria source identification and elimination in high priority MS4 subbasins that discharge in the Little Bear Creek TMDL area.  To prioritize source identification and elimination activities in high priority subbasins that discharge to Little Bear Creek, the County is required to implement a monitoring program by August 1, 2015. Condition S7.A requires the County to comply with the Little Bear Creek Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation.  Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP.  In violation of Condition S5.A, Snohomish County's SWMP does not include actions necessary to meet TMDL requirements.  Snohomish County has not implemented a source identification and elimination program that meets the requirements of the Little Bear Creek TMDL.  By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A.  The County is also violating Conditions S5.A and S7.A by failing to keep records of relevant required actions and failing to include in annual reports the status of TMDL implementation.

### d.  Snohomish River Tributaries Fecal Coliform TMDL

#### 1.  Snohomish County does not include or implement a business inspection program for Snohomish River Tributaries as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.

As specified in Appendix 2, the Snohomish River Tributaries Fecal Coliform TMDL requires Snohomish County to inspect all commercial animal handling areas and commercial composting facilities by August 1, 2016.  Facilities with bacteria source control problems must be re-inspected every three years.  Condition S7.A requires the County to comply with the Snohomish River Tributaries Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation.  Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP.  Snohomish County has not included actions necessary to meet the requirements of Condition S7 in its SWMP, is not conducting business inspections as required by the Snohomish River Tributaries Fecal Coliform TMDL, is not going to meet the August 1, 2016 deadline, and is not keeping records of relevant required actions or including in annual reports the status of TMDL implementation.  By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A.

2. **Snohomish County does not include or implement targeted source identification and elimination for Snohomish River Tributaries as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Snohomish River Tributaries Fecal Coliform TMDL requires Snohomish County to identify and eliminate sources of bacterial pollution. In each annual report, the County must include qualitative and quantitative information about the source identification and elimination activities, including procedures followed and sampling results, implemented in the selected areas. Condition S7.A requires the County to comply with the Snohomish River Tributaries Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. In violation of Condition S5.A, Snohomish County's SWMP does not include actions necessary to meet TMDL requirements. Snohomish County has not eliminated any sources of bacterial pollution in the Snohomish River Tributaries TMDL during the permit term. Snohomish County has not implemented a source identification and elimination program and has not included any qualitative or quantitative information about source identification and elimination efforts in its annual reports for 2014 and 2015. By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A. The County is also violating Conditions S5.A and S7.A by failing to keep records of relevant required actions and failing to include in annual reports the status of TMDL implementation.

3. **Snohomish County does not include or implement surface water monitoring in Snohomish River Tributaries as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Snohomish River Tributaries Fecal Coliform TMDL requires Snohomish County to collect twelve water samples per year in at least one location on a Snohomish River Tributary starting by August 1, 2015 pursuant to a QAPP. The data collected must be summarized and evaluated in each annual report. Condition S7.A requires the County to comply with the Snohomish River Tributaries Fecal Coliform TMDL, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has conducted surface water monitoring in Snohomish River Tributaries. The County is also not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to comply with TMDL requirements, the County is violating Conditions S5.A and S7.A.

e. **Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs**

1. **Snohomish County does not include or implement a business inspection program for the Stillaguamish River as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs require Snohomish County to inspect all commercial animal handling areas and commercial composting facilities by August 1, 2016. Facilities with bacteria source control problems must be re-inspected every three years. Condition S7.A requires the County to comply with the Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not included actions necessary to meet the requirements of Condition S7 in its SWMP, is not conducting business inspections as required by the Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs, is not going to meet the August 1, 2016 deadline, and is not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to comply with TMDL requirements, the County is violating Conditions S7.A and S5.A.

2. **Snohomish County does not include or implement surface water monitoring in Stillaguamish River as part of its SWMP in violation of Special Conditions S5.A and S7.A of the Permit.**

As specified in Appendix 2, the Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs require Snohomish County to collect twelve water samples per year in at least one location in the Stillaguamish River starting by August 1, 2015. The data collected must be summarized and evaluated in each annual report. Condition S7.A requires the County to comply with the Stillaguamish River Fecal Coliform and Dissolved Oxygen TMDLs, to keep records of relevant required actions, and to include in its annual report the status of TMDL implementation. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has not conducted surface water monitoring in the Stillaguamish River. The County is also not keeping records of relevant required actions or including in annual reports the status of TMDL implementation. By failing to comply with TMDL requirements, the County is violating Conditions S5.A and S7.A.

f. **Other Applicable TMDL Parameters**

Snohomish County has other applicable TMDL areas and parameters that are not listed in Appendix 2. Applicable TMDL parameters that are not listed in Appendix 2 include: Stillaguamish River TMDLs for arsenic, mercury, pH, and temperature; Ballinger Lake total phosphorus TMDL; Bear-Evans Watershed TMDLs for temperature and dissolved oxygen; French Creek/Pilchuck River TMDLs for dissolved oxygen and temperature; Loma Lake total

phosphorus TMDL; Snohomish River dioxin TMDL; Snohomish Estuary TMDLs for ammonia and BOD; and Snoqualmie River TMDLs for ammonia-N, BOD (5-day), and temperature. To comply with these TMDLs, the County must comply with the conditions of the Permit; violation of Permit conditions violates the TMDL. Condition S7.B requires the County to comply with applicable TMDLs. Condition S7.A requires the County to keep records of all actions required by the Permit that are relevant to applicable TMDLs within their jurisdiction and to include the status of TMDL implementation as part of each annual report submitted to Ecology. Condition S5.A requires the County to include actions necessary to meet the requirements of Condition S7 in its SWMP. Snohomish County has failed to meet the requirements of applicable TMDLs by failing to produce a SWMP Plan that includes actions to meet these TMDL parameters, in violation of Condition S5.A.1.b; failing to map its municipal separate storm sewer in TMDL areas in violation of Condition S5.C.2; failing to involve the public in decisions regarding SWMP implementation in TMDL areas in violation of Condition S5.C.4; failing to implement codes making LID the preferred and commonly used approach to development in TMDL areas in violation of Condition S5.C.5.b; failing to implement a source control program in TMDL areas in violation of Condition S5.C.7; failing to implement an illicit discharge detection and elimination program in TMDL areas in violation of Condition S5.C.8; failing to implement a program designed to inspect all catch basins that it owns or operates in TMDL areas in violation of Condition S5.C.9.d; failing to implement practices, policies, and procedures to comply with Condition S5.C.9.e; and failing to implement an ongoing training program in violation of Condition S5.C.9.f. By failing to comply with TMDL requirements, the County is violating Conditions S5.A and S7.B. In violation of Conditions S5.A and S7.A, the County is also failing to keep records of relevant required actions and failing to include the status of TMDL implementation in its annual reports for 2014 and 2015. Each of these violations is described in detail in this notice of intent to sue.

### V. Snohomish County has not complied with reporting requirements in violation of Special Condition S9 and General Condition 19 of the Permit.

Condition S9.D.2 requires that the annual reports submitted by the County describe the status of implementation of the requirements of the Permit during the reporting period. Condition S9.D.3 requires the County to attach to each annual report documentation of activities including summaries, descriptions, reports, and other information as required, or as applicable, to meet the requirements of the Permit. Condition S9.D.5 requires certification and signature pursuant to Condition G19.D. Condition G19.D requires an executive officer to certify that he has supervised preparation of the report and that the information submitted is, to the best of his knowledge and belief, true, accurate, and complete. Snohomish County's 2014 and 2015 annual reports contain inaccurate information and incomplete documentation, as described below, in violation of Conditions S9.D.2 and S9.D.3. The Snohomish County executive certified the inaccurate and incomplete information in violation of Conditions S9.D.5 and G19.D.

**a. Annual Report Question 4 – "Maintained mapping data for the features listed in S5.C.2.a?"**

In annual reports for 2014 and 2015 Snohomish County incorrectly reported that it maintained mapping data for the features listed in S5.C.2.a. The County executive certified the incorrect report both years. Snohomish County's inaccurate reports violate Conditions S9 and G19.

**b. Annual Report Question 30 – "Attach a summary of the LID review and revision process that includes the requirements listed in S5.C.5.b.ii."**

Condition S5.C.5.b.ii requires that the County submit a summary that includes, at a minimum, a list of the participants (job title, brief job description, department represented), the codes, rules, standards, and other enforceable documents reviewed, and the revisions made to those documents which incorporate and require LID Principles and LID BMPs. The summary Snohomish County submitted with its 2015 annual report does not meet the requirements of S5.C.5.b.ii. The County executive certified that the summary is complete, however it does not include a list of participants or the revisions made to incorporate and require LID Principles and LID BMPs in the County's enforceable documents. Snohomish County's incomplete documentation violates Conditions S9 and G19.

**c. Annual Report Question 35 – "Implemented a program to identify commercial and industrial properties which have the potential to generate pollutants to the Permittee's MS4 per S5.C.7.b.ii?"**

Condition S5.C.7.b.ii requires permittees to implement a program that includes development and maintenance of a source control inventory. Snohomish County does not maintain a source control inventory as required by Condition S5.C.7.b.ii and incorrectly answered yes to question 35 on its 2014 and 2015 annual reports. The County executive certified the incorrect report both years. Snohomish County's inaccurate report violates Conditions S9 and G19.

**d. Annual Report Question 36 – "Attach a summary of actions taken to implement the source control program per S5.C.7.b.iii and S5.C.7.b.iv."**

Conditions S5.C.7.b.iii and S5.C.7.b.iv require the County to implement a source control program that includes an inspection program in which the County inspects 20% of the businesses on its source control inventory annually and 100% of the sites identified through legitimate complaints. The source control program must also include a progressive enforcement policy with follow-up inspections, warning letters, notices of violation, and enforcement. The document Snohomish County attached in response to Question 36 in its annual reports for 2014 and 2015 are incomplete and do not include a summary of actions taken to implement a source control program. The County executive certified that both reports are complete. Snohomish County's incomplete reports violate Conditions S9 and G19.

e. **Annual Report Question 44b – "Number of hotline calls received?"**

In its annual reports Snohomish County incorrectly reported that it received 26 hotline calls in both 2014 and 2015. The County executive certified the incorrect report both years. Snohomish County's inaccurate reports violate Conditions S9 and G19.

f. **Annual Report Question 48 – "Attach a summary of actions taken to characterize, trace and eliminate each illicit discharge found by or reported to the permittee. For each illicit discharge include a description of actions according to required timelines per S5.C.8.d.iv."**

The documents Snohomish County attached to its 2014 and 2015 annual report in response to Question 48 do not summarize the actions taken to characterize, trace and eliminate each illicit discharge found by or reported to the County. Neither do the documents include a description of actions according to the required timelines for each illicit discharge. Both years the County executive certified that the reports are complete. Snohomish County's incomplete reports violate Conditions S9 and G19.

g. **Annual Report Question 53 – "Evaluated and, if necessary, updated the existing ordinances or other enforceable documents requiring maintenance of all permanent stormwater treatment and flow control BMPs/facilities (including catch basins that are part of the facilities) regulated by the Permittee. (S5.C.9.b.i)"**

Condition S5.C.9.b.i requires the permittee to evaluate and, if necessary, update existing ordinances or other enforceable documents requiring maintenance of all permanent stormwater treatment and flow control BMPs/facilities regulated by the Permittee in accordance with maintenance standards established under S5.C.9.a. Condition S5.C.9.a requires the County to implement maintenance standards. To comply with S5.C.9.b.i the County must complete an evaluation. In the 2014 annual report, Snohomish County was asked whether it "evaluated and, if necessary, updated existing ordinances or other enforceable documents . . ." and the County responded that the permit requirement was not applicable. Snohomish County's answer is inaccurate and is not responsive to the question, however the County executive certified that the report is accurate and complete. Snohomish County's inaccurate and incomplete report violates Conditions S9 and G19.

h. **Annual Report Question 71 – "For TMDL listed in Appendix 2: Attach a summary of relevant SWMP and Appendix 2 activities to address the applicable TMDL parameter(s). (S7.A)"**

Condition S7.A requires permittees to include a summary of relevant SWMP and Appendix 2 activities conducted in the TMDL area to address the applicable TMDL parameter(s) in each annual report. Five TMDL areas in Snohomish County are listed in

Appendix 2 of the Permit:  Stillaguamish River (Fecal Coliform and dissolved oxygen TMDLs), Snohomish River Tributaries (Fecal Coliform TMDL), North Creek (Fecal Coliform TMDL), Swamp Creek (Fecal Coliform TMDL), and Little Bear Creek (Fecal Coliform TMDL).  For each listed TMDL, Appendix 2 requires the County to conduct business inspections, education and outreach, and to install and maintain animal waste collection and/or education stations.  In the Snohomish River Tributaries TMDL area, North Creek, Swamp Creek, and Little Bear Creek the County must implement targeted source identification and elimination programs.  In the Stillaguamish River, Snohomish River Tributaries, North Creek, and Swamp Creek TMDL areas, the County must conduct illicit discharge detection and elimination activities, and surface water monitoring.  Snohomish County's annual reports for 2014 and 2015 do not summarize activities conducted pursuant to Appendix 2.  The County executive certified that the reports are complete and accurate for both years.  Snohomish County's incomplete reports violate Conditions S9 and G19.

### i. Annual Report Question 72 – "Attach a description of any stormwater monitoring or stormwater-related studies per S8.A."

Condition S8.A requires the County to provide a description of any stormwater monitoring or stormwater related-studies conducted during the reporting period by or on behalf of the permittee or that were reported to the permittee.  At a minimum, Snohomish County is required to conduct monitoring or studies to comply with TMDLs listed in Appendix 2 and for watershed-scale planning pursuant to Condition S5.C.5.c.  The attachments the County submitted in its 2014 and 2015 annual reports do not describe stormwater monitoring or studies conducted to comply with TMDL requirements or Condition S5.C.5.c.  Additionally, the annual reports refer to sampling in the Lund's Gulch watershed in 2014, and in 2015 a study at a wet pond, calibration of a model, and studies conducted for a Pollution Identification and Correction Grant but there is no description of the studies conducted.  The County executive certified that the reports are complete and accurate for both years.  Snohomish County's incomplete reports violate Conditions S9 and G19.

### j. Special Condition S5.A.3

Condition S9.D.3 requires the County to attach to each annual report information "as required, or as applicable" to meet permit requirements.  Condition S5.A.3 requires permittees to track the number of inspections, official enforcement actions and types of public education activities as required by the respective program component and to submit this information with each annual report.  The County is required to conduct inspections and enforcement actions to comply with TMDL requirements and Condition S5.C.7.  Snohomish County does not track inspections or enforcement actions and did not submit information on inspections and enforcement with its annual reports for 2014 and 2015, which violates Conditions S5.A.3 and S9.D.3.  The County executive certified that both annual reports are complete and accurate, in violation of Conditions S9 and G19.

### VI.   *In violation of General Condition G20 of the Permit Snohomish County has not notified Ecology of its non-compliance with permit terms and has not taken appropriate action to come into compliance.*

Condition G20.A requires the County to notify Ecology of its failure to comply with permit terms and conditions within 30 days of becoming aware that non-compliance has occurred.  The County must also take appropriate action to stop or correct the condition of non-compliance, pursuant to Condition G20.B.  Snohomish County has failed to notify Ecology of its non-compliance with permit terms and has failed to take appropriate action to come into compliance with permit terms in violation of Condition G20, as described below:

**a.  Snohomish County has not notified Ecology of the violations described in this letter.**

This letter describes a multitude of ways that Snohomish County has violated the Permit.  The County was aware of these violations in 2014 and 2015, however the County submitted G20 notifications for only three of the violations listed.  (The County submitted G20 notifications for failing to conduct a staff training program in 2014 in violation of Condition S5.C.9.f, for conducting an insufficient number of business inspections in 2015 in violation of Condition S5.C.7, and for failing to implement a catch basin inspection program in 2015 in violation of Condition S5.C.8.)  In violation of Condition G20, the County has failed to notify Ecology of its failure to comply with permit conditions in all but three of the instances described above, and has failed to take appropriate action to stop or correct the conditions of non-compliance.

**b.  Snohomish County has failed to take appropriate action to come into compliance with Special Condition S5.C.7 of the Permit.**

The County submitted a G20 notification on January 19, 2016 for its failure to conduct an adequate number of business inspections in 2015 in violation of Condition S5.C.7.  The County has not taken appropriate action to stop or correct the condition of non-compliance with Condition S5.C.7 in violation of Condition G20.B.

**c.  Snohomish County has failed to take appropriate action to come into compliance with Special Condition S5.C.8 of the Permit.**

The County submitted a G20 notification on April 4, 2016 for its failure to conduct a catch basin inspection program in 2015 in violation of Condition S5.C.8.  The County has not taken appropriate action to stop or correct the condition of non-compliance with Condition S5.C.8 in violation of Condition G20.B.

**d.  Snohomish County has failed to take appropriate action to come into compliance with Special Condition S5.C.9.f of the Permit.**

The County submitted a G20 notification on March 17, 2015 for its failure to conduct a staff training program in 2014 in violation of Condition S5.C.9.f.  The County has not taken appropriate action to stop or correct the condition of non-compliance with Condition S5.C.9.f in violation of Condition G20.B.

The above-described ongoing violations reflect information that is currently available to Soundkeeper.  These violations are ongoing.  Soundkeeper intends to sue for all violations, including those yet to be uncovered and those committed subsequent to the date of this notice of intent to sue.

Section 309(d) of the CWA, 33 USC § 1319(d) provides for penalties of up to $37,500 per violation per day.  *See* 40 C.F.R. § 19.4; 73 Fed. Reg. 75340-75346 (Dec. 11, 2008).  In addition to civil penalties, Soundkeeper will seek injunctive relief to prevent further violations under Sections 505(a) and (d) of the CWA, 33 USC § 1365(a) and (d), and such other relief as is permitted by law.  Also, Section 505(d) of the CWA, 33 USC § 1365(d), permits prevailing parties to recover costs including attorney's fees, which Soundkeeper will seek.

Puget Soundkeeper Alliance believes that this NOTICE OF INTENT TO SUE sufficiently states grounds for filing suit.  We intend, at the close of the 60-day notice period, or shortly thereafter, to file a citizen suit against Snohomish County under Section 505(a) of the Clean Water Act for violations.

During the 60-day notice period, we would be willing to discuss effective remedies for the violations in this letter and settlement terms.  If you wish to pursue such discussions in the absence of litigation, we suggest that you initiate those discussions within 10 days of receiving this notice so that a meeting can be arranged and so that negotiations may be completed before the end of the 60-day notice period.  We do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

Very truly yours,

SMITH & LOWNEY, P.L.L.C.

By: *[signature]*

Richard A. Smith
Alyssa L. Englebrecht

c:     Gina McCarthy, Administrator, U.S. EPA
       Dennis McLerran, Administrator, Region 10 U.S. EPA
       Maia Bellon, Director, Washington Department of Ecology