UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY,<br><br>Defendant. | CASE NO. C16-1428-JCC<br><br>ORDER ENTERING CONSENT DECREE |

This matter comes before the Court on the parties' joint motion to enter Consent Decree (Dkt. No. 18). Plaintiff filed this action pursuant to the citizen suit provisions of the federal Clean Water Act, 33 U.S.C. § 1365 ("CWA'), alleging violations of Defendant's National Pollutant Discharge Elimination System Phase I Municipal Stormwater Permit. (Dkt. No. 1.)

The parties have subsequently agreed that settlement of this matter is in the public interest and that entry of the proposed Consent Decree is the most appropriate means of resolution. Pursuant to statute, the parties have served the Complaint and the proposed Consent Decree on the U.S. Attorney General, the Administrator of the Environmental Protection Agency ("EPA"), and the Regional Administrator of Region 10 of the EPA. (Dkt. No. 18 at 1–2.) The U.S. Attorney General has filed a letter of non-objection to entry of the Consent Decree. (Dkt. No. 19.) In addition, the statutorily required 45 days have passed since notice was received by the above parties. The Court is not aware of any objections to entry of the Consent Decree.

The Court has reviewed the proposed Consent Decree and its supporting appendices, and finds that the Consent Decree is fair, reasonable, and adequate, and is consistent with the CWA. Accordingly, the Court ENTERS the following Consent Decree.

## I. ORDER AND DECREE

This matter came before the Court upon the Parties' Joint Motion for entry of Consent Decree and the above stipulations. Having considered the stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows[1]:

A. This Court has jurisdiction over the parties and subject matter of this action.

B. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

C. This Consent Decree applies to and binds the parties and their successors and assigns.

D. The CWA prohibits the discharge of pollutants from a point source into waters of the United States except in compliance with a permit. The Washington Department of Ecology administers NPDES permits in Washington State pursuant to the CWA. Ecology issues municipal stormwater permits that authorize the discharge of stormwater to surface waters and groundwaters of the state. As the owner and operator of a large MS4 that discharges stormwater to surface waters and ground waters of the state, Snohomish County must comply with the conditions of the Phase I Municipal Stormwater Permit ("Permit") under which its MS4 discharges are authorized (NPDES permit number WAR044502, effective August 1, 2013, as modified January 16, 2015, and August 19, 2016). Plaintiff Puget Soundkeeper Alliance

---

[1] The appendices attached to this Consent Decree are filed in this case under Docket Number 18-1. References to appendices in the Consent Decree refer to Docket Number 18-1.

("Soundkeeper") alleges that Snohomish County failed to comply with numerous conditions of the Permit and, therefore, violated the CWA.

E. This Consent Decree is a full and complete settlement of the claims and allegations in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree that could be asserted under the CWA, 33 U.S.C. §§ 1251-1387, concerning the County's compliance or non-compliance with the Permit, including any activities or conduct performed for the purpose of complying with the Permit. This release includes a release, and covenant not to sue, for any claims or injunctive relief which could have been asserted with respect to any activity or lack of activity in alleged violation of the Permit arising prior to the entry of this Consent Decree. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Soundkeeper's exclusive remedy for any violation of its terms.

F. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or any fact or conclusion of law related to those allegations.

G. Prior to executing this Consent Decree, the County performed the following actions as part of its efforts to resolve this litigation:

1. The County substantially revised and supplemented the content of its annual Stormwater Management Program Plan ("SWMP Plan"). The County published its *2017 Stormwater Management Program Plan* in March 2017. The 2017 SWMP Plan contained much greater detail regarding actions the County would take to implement the Permit in 2017. Although the County does not admit prior versions of its SWMP Plan did not comply with the Permit, it revised its SWMP Plan format with the belief that a more detailed SWMP Plan will

better inform the public regarding the County's implementation of the Permit and will allow for greater public input regarding the County's annual priorities under the Permit.

2. The County adopted Amended Ordinance No. 17-070 on November 1, 2017 (effective December 1, 2017), which ordinance is attached to this Consent Decree as Appendix A (Dkt. No. 18-1 at 13.) The purpose of the Snohomish County Code amendments adopted by Amended Ordinance No. 17-070 was to address Soundkeeper's allegations in Paragraph 48 of its Complaint that the County did not "review, revise, and make effective local development related codes, rules, standards, or other enforceable documents to incorporate and required [low impact development] principles and [low impact development best management practices] by January 22, 2016," as required under Permit Special Condition S5.C.5.b. Although the County does not admit it violated Permit Special Condition S5.C.5.b, the amendments adopted by Amended Ordinance No. 17-070, together with revisions made by rule to the Snohomish County Drainage Manual and the Snohomish County Engineering Design and Development Standards, require and promote the use of low impact development best management practices and provide incentives for or remove barriers to the use of low impact development best management practices.

H. In lieu of a payment of penalty, the County will perform as follows in exchange for the consideration provided by Soundkeeper in releasing its claims as specified herein and entering into this Consent Decree:

1. <u>Annual report to track low impact development implementation</u>. Starting in 2018 and continuing through 2020 the County will produce an annual report that shows the number and type of stormwater low impact development (LID) systems constructed, as well as the acreage treated by those LID systems. The report will include LID systems built by the

County and LID systems permitted by the County and built by private developers. The types of LID systems reported will be those set forth in the 2016 Snohomish County Drainage Manual. Through time, the County and the public will be able to see which LID systems are being built, how often, and how many acres are being treated. This information could aid in identifying roadblocks and developing incentives for LID. The report will be provided to Soundkeeper, posted on the County's website, and shared with other local governments in the region. Within 30 days of publication of the 2018 report on the County's website, the County will provide a copy of the 2018 report to the following agencies and encourage their use of the report format as a model for regional data collection and reporting: Puget Sound Partnership, Department of Ecology, and Washington Stormwater Center.

2. <u>Enhanced public education and promotion of LID</u>. In 2018, the County will hold three public education events intended to promote and facilitate the use of LID. These events will be in addition to any public outreach required by the Permit. The first event will be an "LID Fair," at which the County will arrange for booths and presentations about LID from organizations with expertise and interest in LID, potentially including Washington State University, Snohomish Conservation District, non-profit organizations, and businesses involved in LID. The second event will be a homeowner workshop focused on how one specific type of LID, rain gardens, can be implemented on private property to reduce stormwater impacts. These first two events will be organized and managed by the Surface Water Management Division of the Department of Public Works. The third event will be hosted by the Department of Planning and Development Services. This event will promote LID to the development industry. To attract broad participation, the event will be conducted as part of a workshop that includes other topics of interest to developers. The event will provide a forum for developers to

learn about LID and to share their experiences using LID techniques. For all three of these events, the County will invite Soundkeeper to do tabling and outreach.

   3. <u>LID retrofit projects</u>.  The County will construct or have constructed the following two LID retrofit projects.  The County will make reasonable efforts to have the two projects completed within two years from the date of the entry of this Consent Decree, however, the County will have the two projects completed no later than three years from the date of the entry of this Consent Decree.

    a. Ditch retrofits will be constructed in the Little Bear Creek watershed along the north and south side of West Interurban Boulevard near its intersection with 54th Drive SE, as depicted in Appendix B to this Consent Decree (Dkt. No. 18-1 at 47.) Approximately 800 lineal feet of roadway will contribute to the retrofitted ditch on the north side of the road, and approximately 400 lineal feet of roadway will contribute to the retrofitted ditch on the south side of the road.  The approximate total amount of roadway that will receive treatment from this ditch retrofit is 1,200 lineal feet, or 12,600 square feet.  A durable permanent sign that describes the value of LID and includes Soundkeeper's logo will be installed at the project site.  The County will advertise the project on the County's website and through a direct mailing to residents in the vicinity of the project.

    b. Permeable pavement will be installed in the Silver Firs development located in the northern end of the Little Bear Creek watershed.  The location of the project is on 149th Street SE near 52nd Avenue SE, as depicted in Appendix C to this Consent Decree (Dkt. No. 18-1 at 49.)  The total pavement area that will be replaced with permeable pavement is approximately 4,900 square feet.  A durable permanent sign that describes the value of LID and includes Soundkeeper's logo will be installed at the project site.  The County will

advertise the project on the County's website and through a direct mailing to residents in the vicinity of the project. In the event County engineers determine that this site is not suitable for a permeable pavement retrofit, the County will work with Soundkeeper to identify a substitute project of similar type and scale.

I. From the effective date of this Consent Decree until the termination date set forth in paragraph O below, the County agrees to provide Soundkeeper, on a twice per year basis, with the following documents transmitted by or to the Washington State Department of Ecology regarding compliance or non-compliance with the Permit: annual reports and any attachments to the annual reports, SWMP Plans, G20 notifications, notices of violation or penalty issued to the County by Ecology related to the Permit, and any Permit modifications issued to the County by Ecology.

J. Snohomish County will pay Soundkeeper's reasonable attorney and experts' fees and costs in an amount not to exceed $125,000.00, as indicated by invoices for attorney and expert witness fees and costs to be submitted to Snohomish County's counsel. Payment will be made within 14 days of the entry of this decree or receipt of the fee documentation, whichever comes later, by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Richard Smith. This payment is full and complete satisfaction of any claims Soundkeeper may have under the CWA for fees and costs.

K. A force majeure event is any event outside the reasonable control of Snohomish County that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Snohomish County notifies Plaintiffs of the event; the steps that Snohomish County will take to perform the task;

the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Snohomish County will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

1. Acts of God, war, insurrection, or civil disturbance;
2. Earthquakes, landslides, fire, floods;
3. Actions or inactions of third parties over which defendant has no control;
4. Restraint by court order or order of public authority;
5. Strikes; and
6. Litigation, arbitration, or mediation that causes delay.

L. This Court retains jurisdiction over this matter. While this Consent Decree remains in force, this case may be reopened without filing fee so the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the

notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the CWA, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

M. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Soundkeeper shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

N. This Consent Decree takes effect upon entry by the Court.

O. This Consent Decree terminates three years from the date of entry of this Consent Decree.

P. This Consent Decree may not be used as evidence in any proceeding or as an admission or adjudication with respect to any allegations in the Complaint or any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint.

Q. Both parties have participated in drafting this decree.

R. This Consent Decree may be modified only upon the approval of the Court.

S. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of Soundkeeper or the County. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

T. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 19.

If to Soundkeeper:

Katelyn Kinn
Puget Soundkeeper Alliance
130 Nickerson Street, Suite 107
Seattle, WA 98109
Email: katelyn@pugetsoundkeeper.org

and to:

Richard A. Smith
Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
Email: rasmithwa@igc.org

If to Snohomish County:

Will Hall
Director, Surface Water Management Division, Department of Public Works
3220 100th Street SW,
Everett, WA 98204
Email: Will.Hall@co.snohomish.wa.us

and to:

Laura Kisielius
Snohomish County Prosecutor's Office, Civil Division
3000 Rockefeller Ave., M/S 504
Everett, WA 98201
Email: lkisielius@snoco.org

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 5th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE